DOUGHERTY v. UNITED STATES. FARRAHER v. SAME. LAVIN v. SAME.

(Circuit Court of Appeals, Third Circuit. April 19, 1901.)

Nos. 15, 17, and 23.

1. CONSTITUTIONAL LAW—POLICE REGULATION IN REVENUE LAW—TAX ON OLE-OMARGARINE.

Act Aug. 2, 1886, § 6, regulating the manufacture and sale of oleomargarine, and imposing a tax thereon, in so far as it provides for marking, stamping, and branding packages used by retail dealers in oleomargarine, is not merely a police regulation, and as such unconstitutional, as such requirement must be regarded as a means to effect the objects of the act in raising revenue, and, so regarded, it is clearly within the constitutional power of congress.

2. OLEOMARGARINE—PENALTY FOR UNLAWFUL SALE—APPLICATION TO RETAIL-ERS.

Act Aug. 2, 1886, § 6, first requires manufacturers to pack oleomargarine in new wooden packages, marked, stamped, and branded as prescribed. Sales by manufacturers and wholesale dealers are also required to be "in original stamped packages." Thereafter it provides that retailers must sell only from original stamped packages, and that they shall pack it "in suitable wooden or paper packages, marked and branded as prescribed." The penal clause thereof provides that every person who knowingly sells oleomargarine otherwise than in new wooden or paper packages, as above described, shall be fined, etc. *Held*, that such clause applied to retailers as well as others.

3. SAME—INDICTMENT OF RETAILER—SUFFICIENCY.

A count in an indictment under Act Aug. 2, 1886, § 6, requiring retailers of oleomargarine to sell the same in original packages, and that they shall pack it "in suitable wooden or paper packages, marked and branded as prescribed," charged a retail dealer with knowingly, willfully, and unlawfully selling oleomargarine "packed in a plain wrapper, and not in a new and suitable wooden or paper package or packages," as required by the act, and not "marked and branded" as prescribed. *Held* to sufficiently describe the offence, and the fact that it charged more than required to constitute a single offence was no objection thereto.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

F. B. Bracken, for plaintiffs in error.

J. Whitaker Thompson, for the United States.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. Daniel E. Dougherty, James P. Farraher and Michael F. Lavin, the plaintiffs in error, were severally indicted, tried, convicted and sentenced in the district court of the United States for the eastern district of Pennsylvania (101 Fed. 439), for the violation of section 6 of the act of congress of August 2, 1886, entitled "An act defining butter, also imposing a tax upon and regulating the manufacture, sale, importation, and exportation of oleomargarine." 24 Stat. 209. That section is as follows:

"Sec. 6. That all oleomargarine shall be packed by the manufacturer thereof in firkins, tubs, or other wooden packages not before used for that purpose, each containing not less than ten pounds, and marked, stamped, and

branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe; and all sales made by manufacturers of oleomargarine and wholesale dealers in oleomargarine shall be in original stamped packages. Retail dealers in oleomargarine must sell only from original stamped packages, in quantities not exceeding ten pounds, and shall pack the oleomargarine sold by them in suitable wooden or paper packages, which shall be marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe. Every person who knowingly sells or offers for sale, or delivers or offers to deliver, any oleomargarine in any other form than in new wooden or paper packages as above described, or who packs in any package any oleomargarine in any manner contrary to law, or who falsely brands any package or affixes a stamp on any package denoting a less amount of tax than that required by law, shall be fined for each offense not more than one thousand dollars, and be imprisoned not more than two years."

Pursuant to this section the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, promulgated certain regulations which, so far as material in this connection, provided that each retailer's wooden or paper package should have the name and address of the dealer printed or branded thereon, and also the words "Pound" and 'Oleomargarine" in letters not less than one-quarter of an inch square, and the quantity written, printed or branded thereon in figures of the same size, substantially according to the form set forth in such regulations. Dougherty and Farraher severally demurred to the indictments against them. The demurrers having been overruled, the demurrants and Lavin, who did not demur, went to trial on the plea of not guilty, and thereafter each of them moved in arrest of judgment. The motions in arrest were denied and sentence pronounced. Writs of error having been taken, the three cases have for convenience been argued and considered together. There are substantially only two questions raised by the assignments of error relied on. They are, first, whether section 6 above quoted, in so far as it provides for marking and branding packages used by retail dealers in oleomargarine is not merely a police regulation and, as such, unconstitutional, and, secondly, whether the indictments sufficiently charge any offence punishable under that section. Whatever might be our opinion on the former question were it res integra, we feel concluded by the language employed by the supreme court in the case of In re Kollock, 165 U. S. 526, 17 Sup. Ct. 444, 41 L. Ed. 813. Kollock had been convicted and imprisoned for the violation of the section in question under an indictment charging that he, being a retail dealer in oleomargarine, knowingly sold and delivered half a pound of it, which was not at the time of such sale and delivery packed in a new wooden or paper package printed or branded as required by the regulations prescribed by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury. The defendant filed his petition for a writ of habeas corpus on the ground that it was not within the constitutional power of Congress "to delegate to the Commissioner of Internal Revenue or the Secretary of the Treasury of the United States, or any other person, authority or power to determine what acts shall be criminal, and the said act of Congress aforesaid does not sufficiently define, or define at

all, what acts done or omitted to be done within the supposed purview of the said act shall constitute an offence or offences against the United States." The writ was denied, the court holding that the authority conferred on the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, to prescribe how packages of oleomargarine should be marked, stamped and branded, did not involve an unconstitutional delegation of power. It is true that the point there decided is not in dispute before us. The court, however, said:

"The act before us is on its face an act for levying taxes, and although it may operate in so doing to prevent deception in the sale of oleomargarine as and for butter, its primary object must be assumed to be the raising of revenue. And, considered as a revenue act, the designation of the stamps, marks and brands is merely in the discharge of an administrative function and falls within the numerous instances of regulations needful to the operation of the machinery of particular laws, authority to make which has always been recognized as within the competency of the legislative power to confer. * * * We concur with the Court of Appeals that this provision does not differ in principle from those of the Internal Revenue laws, which direct the Commissioner of Internal Revenue to prepare suitable stamps to be used on packages of cigars, tobacco and spirits; to change such stamps when deemed expedient; and to devise and regulate the means for affixing them. Rev. St. §§ 3312, 3395, 3445, 3446, etc. By section 3446 the Secretary and the Commissioner were empowered to alter or renew or change the form, style and device 'of any stamp, mark or label used under any provision of the laws relating to distilled spirits, tobacco, snuff and cigars, when in their judgment necessary for the collection of revenue taxes and the prevention or detection of frauds thereon; and may make and publish such regulations for the use of such mark, stamp or label as they find requisite'; and by the act of March 1, 1879, 20 Stat. 327, 351, c. 125, § 18, the section was amended so as to provide that the Commissioner, with the approval of the Secretary, might 'establish and, from time to time, alter or change the form, style, character, material and device of any stamp, mark or label used under any provision of the laws relating to internal revenue.' The oleomargarine legislation does not differ in character from this, and the object is the same in both, namely, to secure revenue by internal taxation and to prevent fraud in the collection of such revenue. Protection of purchasers in respect of getting the real and not a spurious article cannot be held to be the primary object in either instance, and the identification of dealer, substance, quantity, etc., by marking and branding must be regarded as means to effect the objects of the act in respect of revenue."

We feel bound by the views thus expressed. The marking, stamping and branding, required by the regulations, must, therefore, be regarded as "means to effect the objects of the act in respect of revenue," and, so regarded, the provisions of section 6 clearly were within the constitutional power of Congress. We are now brought to the inquiry whether any offence punishable under that section is charged, or sufficiently charged in the indictments. Each of the indictments charges in different counts that the defendant therein named unlawfully packed, unlawfully sold and unlawfully delivered oleomargarine. A general verdict of guilty having been returned in each case, if any of the counts in any case be sufficient to support such a judgment as was rendered in that case, the judgment so rendered must be affirmed. The second count in the indictment against Dougherty charges that he "then and there a retail dealer in oleomargarine * * * did knowingly, wilfully and unlawfully sell and offer for sale a certain

amount of oleomargarine, to wit, one pound of oleomargarine, packed in a plain wrapper, and not in a new and suitable wooden or paper package, or packages, as then and there required by the act of Congress approved August 2nd, A. D. 1886, defining butter and imposing a tax upon and regulating the manufacture and sale of oleomargarine, and which said plain wrapper in which said oleomargarine so sold and offered for sale as aforesaid, was packed, was not then and there marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, had theretofore, to wit, on June 18th, 1895, in certain regulations prescribed." The second count in the indictment against Farraher and the corresponding count in the indictment against Lavin contained mutatis mutandis the above phraseology, save that the quantity of oleomargarine alleged to have been sold is half a pound instead of a pound. The plaintiffs in error contend on two grounds that the counts just referred to and other counts in the several indictments similar to them cannot support the judgments complained of. They urge, first, that section 6 does not provide any penalty against retail dealers, under any circumstances, for selling or offering for sale oleomargarine in packages other than those prescribed for their use, and, secondly, that even on the assumption that it does, such counts do not contain a sufficient description of any offence punishable under the section. The section relates to three classes of persons dealing in oleomargarine, namely, manufacturers, wholesale dealers and retail dealers. Manufacturers are required to pack oleomargarine "in firkins, tubs, or other wooden packages not before used for that purpose, each containing not less than ten pounds, and marked, stamped and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury shall prescribe." Sales of oleomargarine by manufacturers and wholesale dealers are required to be "in original stamped packages." Retail dealers are permitted to sell only from original stamped packages in quantities not exceeding ten pounds, and are required to pack the oleomargarine sold by them "in suitable wooden or paper packages, which shall be marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe." The penal clause of the section provides, among other things, that "every person who knowingly sells or offers for sale  *  *  *  any oleomargarine in any other form than in new wooden or paper packages as above described *  *  *  shall be fined," &c. It is argued that, while the earlier portion of the section restricts manufacturers and wholesale dealers in selling oleomargarine, to the use of original stamped packages, or "packages not before used" for that commodity, it requires the retail dealer to pack, not in "new," but in "suitable" packages, which may or may not be new, and that, therefore, the penal clause of the section, in denouncing the sale of oleomargarine, is inapplicable to retail dealers. It is further urged in support of this contention that there is no reason why retail dealers should not be permitted to use old packages provided they are "suitable" and marked and branded as prescribed. This position we think is untenable. We are not prepared to say that it is unimportant for the purposes of the act that retail

dealers should be restricted to the use of new packages. But if the intent of the section as gathered from the language employed is clear, the question whether there is any or sufficient reason for requiring retail dealers to use only new packages, is not one for judicial determination, however it may address itself to legislative discretion. Careful examination of the section as a whole has satisfied us that the penal clause applies as well to retail dealers as to wholesale dealers and manufacturers. The words "every person who knowingly sells or offers for sale  *  *  *  any oleomargarine" are broad enough to include all of the three classes of persons with whom the section deals. Further than this, by the earlier portion of the section manufacturers and wholesale dealers are restricted to the use of wooden packages, while retail dealers are permitted to use either "wooden or paper packages." The penal clause in denouncing the sale of oleomargarine otherwise than in "new wooden or paper packages" clearly has reference to sales by retail dealers as well as by others, unless the words "or paper" are to be wholly disregarded. But there is no sufficient reason why these words should be ignored. On the contrary the general intent of the section imperatively requires that they should have their full and natural force. The remaining inquiry is whether the counts in question respectively contain a sufficient description of the offence sought to be charged. Each of them alleges that the defendant therein named, being a retail dealer, knowingly, wilfully and unlawfully sold oleomargarine "packed in a plain wrapper, and not in a new and suitable wooden or paper package, or packages," as required by the act of Congress, and that the wrapper was not "marked and branded" as prescribed by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury. The section requires that packages used by retail dealers shall be "new wooden or paper packages as above described," and the packages "above described" are "suitable wooden or paper packages," marked and branded as prescribed. A retail dealer violates the section who sells oleomargarine in a "plain wrapper" which is not a "new" wooden or paper package, or which is not a "suitable" package, or which is not "marked and branded" as required. Each of these three counts contains enough, and indeed more than enough, fully to describe an offence punishable under the section, and to sustain the judgment. It is alleged that the defendant sold oleomargarine in a wrapper which was not a new and suitable package, and was not marked and branded. It was unnecessary to charge in each count more than was required to constitute a single offence, but the joinder therein of several offences was not calculated to confuse or prejudice the defendant nor was it under the rules of criminal pleading a fatal defect.

The judgment below in each case is affirmed.