UNITED STATES v. JOYCE et al.

(District Court, M. D. Pennsylvania. May 31, 1905.)

No. 27.

1. OLEOMARGARINE—INDICTMENT AGAINST WHOLESALE OR RETAIL DEALER— CRIMINAL PLEADING.

Where a person is indicted for the unlawful sale of oleomargarine, in violation of Act Cong. Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228], it is sufficient to charge in the words of the act that the defendant was carrying on the business of a wholesale or of a retail dealer, as the case may be, without having paid the tax required by law.

2. SAME—SELLING IN UNLAWFUL AND UNSTAMPED, UNMARKED, OR UNBRANDED PACKAGES.

Act Cong. Aug. 2, 1886, c. 840, § 6, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2230], requires all oleomargarine to be packed by the manufacturer in new wooden packages containing not less than 10 pounds, and marked, stamped, and branded as prescribed by the Secretary of the Treasury, and that all sales by manufacturers and wholesale dealers shall be in original packages. Retail dealers are required to sell only from original stamped packages in quantities not exceeding 10 pounds, and shall pack the oleomargarine sold in suitable wooden or paper packages marked and branded as prescribed, and every person knowingly selling or delivering, etc., any oleomargarine in any other form than in new wooden or paper packages as prescribed, etc., shall be fined and imprisoned. *Held*, that an indictment charging generally that defendants did knowingly, willfully, and unlawfully sell and offer for sale, deliver and offer to deliver, oleomargarine in other form than in new wooden or paper packages marked, stamped, and branded as required by law, without alleging whether the sales were at wholesale or at retail, and in what respect the packages were not in the form prescribed, and what stamps, marks, or brands required by law they did not have thereon, was insufficient.

3. SAME—DEFACEMENT OF STAMPS.

Act Cong. Aug. 2, 1886, c. 840, §§ 6, 10, 24 Stat. 210, 211 [U. S. Comp. St. 1901, pp. 2230, 2231], provide different stamps, marks, and brands for oleomargarine according as it is of domestic or foreign manufacture, and, if the former, if it is to be sold at wholesale or at retail. Section 7 requires every domestic manufacturer to paste securely on each package a printed label giving the number of the factory and the district and state, etc.; a warning against the removal of the contents of the package without destroying the stamp, which is made an offense; and section 15, 24 Stat. 212 [U. S. Comp. St. 1901, p. 2233], makes it an offense to deface or remove any of the stamps, marks, or brands required by law from such packages. *Held*, that an indictment alleging that defendants willfully, etc., defaced the stamps, marks, and brands upon two certain

packages containing oleomargarine, which packages were in their possession for sale, but which failed to show that the stamps removed were such as were prescribed by the statute, was insufficient.

Indictment under Act Cong. Aug. 2, 1886, c. 840 (24 Stat. 209 [U. S. Comp. St. 1901, p. 2228]), for the unlawful sale of oleomargarine and the removal and defacement of stamps. Rule to show cause why indictment should not be quashed.

Charles P. O'Malley, for defendants.
S. J. M. McCarrell, U. S. Atty.

ARCHBALD, District Judge. There is nothing in the exception that the indictment is not sustained by the complaint made before the commissioner, on which the defendants were arrested and bound over, everything that is charged in the one appearing also in the other, and the cases which hold that, to the extent that they vary, the indictment cannot be sustained, do not therefore apply. Neither is there any valid objection to the first and second counts, in which, in the words of the act, the defendants are charged, in the one with carrying on the business of a wholesale, and in the other of a retail, dealer in oleomargarine, without in either instance having paid the tax required by law. With regard to the other two counts, however, the case is different. Of these the third is based on the sixth section of the oleomargarine act, a copy of which is set forth in the margin.[1]

This section, as it will be observed, provides for different forms of packages and somewhat different regulations, according as sales are to be made, on the one hand by manufacturers and wholesale dealers, and on the other by those who sell at retail. In the one case the oleomargarine is required to be packed in firkins, tubs, or other wooden packages not before used for that purpose, containing not less than 10 pounds, marked, stamped, and branded as the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury shall prescribe, sales by manufacturers and wholesale dealers being required to be made in such original stamped packages;

[1] Act Aug. 2, 1886, c. 840, 24 Stat. 210 [U. S. Comp. St. 1901, p. 2230]: "Sec. 6. That all oleomargarine shall be packed by the manufacturer thereof in firkins, tubs, or other wooden packages not before used for that purpose, each containing not less than ten pounds, and marked, stamped, and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe; and all sales made by manufacturers of oleomargarine, and wholesale dealers in oleomargarine shall be in original stamped packages. Retail dealers in oleomargarine must sell only from original stamped packages, in quantities not exceeding ten pounds, and shall pack the oleomargarine sold by them in suitable wooden or paper packages, which shall be marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe. Every person who knowingly sells or offers for sale, or delivers or offers to deliver, any oleomargarine in any other form than in new wooden or paper packages as above described, or who packs in any package any oleomargarine in any manner contrary to law, or who falsely brands any package or affixes a stamp on any package denoting a less amount of tax than that required by law, shall be fined for each offense not more than one thousand dollars, and be imprisoned not more than two years."

while in the case of retailers the oleomargarine must be sold only from such original stamped packages, in quantities not exceeding 10 pounds, and must be packed in suitable wooden or paper packages, which shall be marked and branded as the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury shall similarly prescribe. It was held in Dougherty v. United States, 108 Fed. 56, 47 C. C. A. 195, that the penal clause at the end of the section applies to all kinds of dealers, but this does not dispose of the distinctions made in the first part of the section with regard to them. This, the third count of the indictment fails to observe, charging generally, that the defendants did knowingly, willfully, and unlawfully sell and offer for sale, deliver and offer to deliver, oleomargarine in other form than in new, wooden, or paper packages, marked, stamped, and branded as required by law. To a certain extent this follows the words of the act creating the offense, but the case is one where that alone will not do. The defendants are entitled to such additional particulars as will individuate the offense charged and enable them to prepare to meet it. Were the sales, of which complaint is made, at wholesale or at retail? In what respect were the packages not in the prescribed form, and what stamps, marks, or brands required by law did they fail to have on them? It is the sale of oleomargarine in other than in new wooden or paper packages, as thereinbefore described in the section, that this clause of it prohibits, and not simply sales in the immediate character of package spoken of. This carries into the offense, so created, as an essential part of it, the previous provisions of the section, with the distinctions which have been referred to, to which regard must be had in any particular case, in order to properly define and individuate that which is intended to be covered. No doubt the court will take judicial notice of the marks, stamps, and brands which are required by the regulations prescribed by the Internal Revenue Commissioner with the approval of the Secretary of the Treasury, which, being authorized by statute, have the effect of law. Wilkins v. United States, 96 Fed. 837, 37 C. C. A. 588. But enough facts must be given to enable the court to apply these regulations where they are relied upon, in order to see whether an offense has been committed by the failure to observe them. As the case stands here, we have more generalities, which, however necessary to negative a compliance with the statute, are not sufficient, without more, to properly inform the defendants or the court of the exact character of the charge which is preferred against them.

Neither is the fourth count materially better. It is based on the fifteenth section of the act (24 Stat. 212 [U. S. Comp. St. 1901, p. 2233]), and charges that the defendants "did knowingly, willfully and unlawfully remove and deface the stamps, marks and brands upon two certain packages containing oleomargarine subject to United States tax, which said packages were in their possession for purpose of sale." The same complaint is made of this that although it follows the words of the act it is not sufficiently specific. The difficulty is that different stamps, marks, and brands are provided for, according as the oleomargarine is of domestic manufacture (section

6) or imported (section 10, 24 Stat. 211 [U. S. Comp. St. 1901, p. 2231]), or, if the former, is to be sold at wholesale or at retail. Every domestic manufacturer, moreover (section 7, 24 Stat. 210 [U. S. Comp. St. 1901, p. 2231]), is required to paste securely upon each package a printed label, giving the number of the factory and the district and state in which it is situated, stating that he has complied with the law, and cautioning every one not to use the package again, or the stamp upon it, or to remove the contents without destroying the stamp; the removal of any label so affixed being also made an offense, which might be regarded as coming within the terms of the count. In view of these different provisions, the defendants are entitled to be informed of the charge against them with more definiteness than is to be found by following the words of the statute. It is true that, under the fifteenth section, the offense is all one, whatever be the character of the stamps, marks, or brands removed or defaced, provided, of course, they are such as are required by the federal law. But that does not meet the case. It is because of this very generality that a more particular description is called for, in order to bring the charge down to something definite and certain. The observation just made calls attention also to another defect. It is not averred that the stamps, marks, or brands, removed or defaced, were such as were required to be or had been put on the packages under question in compliance with the law. It is not every stamp, mark, or brand, in other words, the defacement or removal of which makes the party liable, but only such as are prescribed by the statute. It must therefore be averred—as it certainly must be proved—as an essential element of the charge that the stamp, mark, or brand removed or defaced was of this character, without which no offense is in fact stated.

The rule is made absolute as to the third and fourth counts of the indictment, which are hereby quashed.