UNITED STATES v. LOCKWOOD.

(District Court, D. New Jersey. October 23, 1908.)

No. 15.

INTERNAL REVENUE (§ 47*)—VIOLATION OF OLEOMARGARINE ACT—INDICTMENT.

    An indictment founded on section 6 of the oleomargarine act of August 2, 1886, c. 840, 24 Stat. 210 (U. S. Comp. St. 1901, p. 2230), charging a retail dealer with having violated said section and the regulations prescribed thereunder by failing to pack oleomargarine sold by him as therein required, must describe the package used with reasonable certainty so as to advise the defendant of the particular offense charged, and a general averment that "the said oleomargarine was not then and there packed in new, suitable wooden or paper packages having marked or branded thereon the name and address of him, * * * the words 'pound' and 'oleomargarine' and the quantity of oleomargarine so sold as aforesaid," but which fails to specify in which respect the package used was unlawful, is insufficient as being too indefinite and uncertain.

    [Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 47.*]

On Demurrer to Indictment.

John B. Vreeland, for United States.
Merritt Lane for defendant.

LANNING, District Judge. This indictment is founded on section 6 of the oleomargarine act of August 2, 1886, c. 840, 24 Stat. 210

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

(U. S. Comp. St. 1901, p. 2230; 3 Fed. Stat. Ann. 122). That section provides that:

"Retail dealers in oleomargarine must sell only from original stamped packages, in quantities not exceeding ten pounds, and shall pack the oleomargarine sold by them in suitable wooden or paper packages, which shall be marked and branded as the Commissioner of the Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe."

The indictment charges that Lockwood was, on January 10, 1908, a retail dealer in oleomargarine at Newark, N. J. It sets forth the regulations of the Commissioner of Internal Revenue, approved by the Secretary of the Treasury, that new wooden or paper packages similar to those usually employed in selling butter or lard at retail may be used by the retail dealer in oleomargarine, and that each retailer's wooden or paper package must have the name and address of the dealer, and the words "pound" and "oleomargarine" printed or branded thereon, in letters not less than one-quarter of an inch square, and the quantity written, printed, or branded thereon in figures of the same size. The indictment further charges that on January 10, 1908, Lockwood, as such retail dealer, did "knowingly sell certain oleomargarine, to wit, three pounds of oleomargarine, to one Mrs. Mary Parker, of number two hundred and one Lafayette street, in Newark aforesaid, which said oleomargarine was not then and there packed in new, suitable wooden or paper packages having marked or branded thereon the name and address of him, the said Oscar L. Lockwood, the words 'pound' and 'oleomargarine,' and the quantity of oleomargarine so sold as aforesaid." The conclusion of the indictment is "that the said Oscar L. Lockwood, on the tenth day of January, one thousand nine hundred and eight, at Newark, aforesaid, in the district aforesaid and within the jurisdiction of this court, in manner and form aforesaid, did knowingly, willfully and unlawfully sell and offer for sale, and deliver and offer to deliver, oleomargarine not then and there packed in new wooden or paper packages, marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, had then and there prescribed; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States." One of the objections to the indictment raised by the demurrer is that the charge against the defendant is wholly in negative terms, without giving him reasonable information as to the manner in which the oleomargarine was packed.

It is a general rule that where the offense is purely statutory it is sufficient to charge the defendant with acts coming fully within the statutory description in the substantial words of the statute. But, as was said in United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819:

"To this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense."

In Evans v. United States, 153 U. S. 587, 14 Sup. Ct. 936, 38 L. Ed. 830, it was said:

"Even in the cases of misdemeanors, the indictment must be free from all ambiguity, and leave no doubt in the minds of the accused and the court of

the exact offense, intended to be charged, not only that the former may know what he is called upon to meet, but that, upon a plea of former acquittal or conviction, the record may show with accuracy the exact offense to which the plea relates."

And in United States v. Hess, 124 U. S. 487, 8 Sup. Ct. 573, 31 L. Ed. 516, it was declared, as it had been previously held in United States v. Cruikshank, 92 U. S. 558, 23 L. Ed. 588, that:

"It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species, it must descend to particulars."

The section of the congressional act and the regulations of the Commissioner of Internal Revenue, on which the indictment now under review is founded, will be violated if the package in which the oleomargarine is contained be not a new wooden or paper one, or if the name and address of the retail dealer, or the word "pound," or the word "oleomargarine," be not printed or branded on the package, or if the quantity be not written, printed, or branded thereon, or if any of the words or figures required to be written, printed, or branded thereon be written, printed, or branded in letters or figures less than one quarter of an inch square. The indictment fails to inform the defendant which of these particular possible violations he is required to meet. In the Kollock Case, 165 U. S. 526, 17 Sup. Ct. 444, 41 L. Ed. 813, the indictment charged that the oleomargarine sold and delivered by the defendant in that case was " 'packed' in a paper package upon which there had not been printed, branded, or written any or either of the marks and characters aforesaid so required by the said regulations to be placed thereon." In Dougherty v. United States, 108 Fed. 56, 60, 47 C. C. A. 195, 199, the indictment charged that the defendant sold a pound of oleomargarine " 'packed' in a plain wrapper, and not in a new and suitable wooden or paper package or packages, as then and there required by the act of Congress," etc. And in United States v. Joyce (D. C.) 138 Fed. 459, one of the defects pointed out by Judge Archbald in the indictment then before him, though it was done interrogatively, was that the indictment failed to show in what respect the packages of oleomargarine, for the sale of which the defendant was there indicted, were not in the prescribed form.

The rule of good pleading requires that, in an indictment founded on section 6 of the oleomargarine act and the regulations prescribed under the authority of that section, the nature or form of the package in which the oleomargarine is sold by a retail dealer shall be described with reasonable certainty, if the offense intended to be charged is that the package was not a new wooden or paper one; and if the offense intended to be charged be that the defendant did not mark or brand the package in the manner prescribed by the regulations, the particular violation of the law in that respect should be averred with reasonable certainty. In the present case, the defendant is not informed whether the government intends to show that he used a package not authorized by law, or whether, using a package which is authorized by law, he

failed to write or print on it, or to brand it, in the manner required by law. For this reason the indictment is too uncertain and indefinite. The demurrer must therefore be sustained.