## BAILEY et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 17, 1922.)

No. 3552.

**1. Internal revenue ⬉47—Indictment for resisting officers held to state offense.**

An indictment charging that defendants resisted certain internal revenue officers in the execution of their duties, "and did then and there use deadly weapons" in resisting them, followed by a description of the manner in which the offense was committed, states an offense under Penal Code, § 65 (Comp. St. § 10233).

**2. Criminal law ⬉1167(1)—Conviction not reversed, unless duplicity of indictment prejudiced accused.**

Even if an indictment for resisting internal revenue officers were duplicitous for charging simple resistance and resistance by the use of deadly weapons, a conviction thereunder will not be reversed, unless it is further made to appear that the substantial rights of accused were prejudiced by the overruling of their motion to require an election by the prosecution and of their demurrer to the indictment.

**3. Criminal law ⬉1167(1)—Duplicity held not to have prejudiced accused, tried on only one charge.**

Defendants, accused of resisting internal revenue officers, were not prejudiced by the duplicity, if any, in the indictment as charging simple resistance and resistance with a deadly weapon, where the case was tried on the theory that indictment charged only resistance with a deadly weapon, and the jury were instructed to acquit, unless they found beyond a reasonable doubt that defendants used the deadly weapons in resisting the officers.

**4. Internal revenue ⬉39, 40—Assault on officers with deadly weapons to prevent performance of duties is offense, even if not resistance.**

The use by accused of deadly weapons to prevent officers of the internal revenue from performing their duties is an offense, even though it does not comply with the technical definition of resistance, so that error in the definition of resistance was not prejudicial, where the jury were required to find the assault with deadly weapons to prevent performance of the duties.

**5. Criminal law ⬉1059(2)—General exception to charge will not be considered on review.**

Where defendants took no exception to any particular part of the charge, but after it was given objected and excepted to each and all of the foregoing instructions, the exception was in effect a general exception, which will not be considered by the reviewing court.

**6. Criminal law ⬉863(1)—Recalling jury for further instruction is within court's discretion.**

Even if a requested instruction was one which should have been given, if it had been requested at the proper time, it was within the court's discretion whether to grant the request of accused to recall the jury after they had retired and give them such charge.

**7. Criminal law ⬉863(1)—Refusal of request to recall jury for further instructions held proper.**

In a prosecution for resisting revenue officers by the use of deadly weapons, where the court had fully instructed the jury as to the intent of defendants, which it must find before it could convict, a request by accused, after the jury had retired, to recall them, to give them a charge that they must acquit, if the assault was for some purpose other than as stated by the court in its general charge, was properly refused.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Criminal law ⊜⇒1159(2)—Appellate court cannot determine weight of evidence.**

The Circuit Court of Appeals cannot, on writ of error after the conviction of a crime, determine the weight of the evidence, but must affirm the conviction, if there is any substantial evidence.

**9. Internal revenue ⊜⇒47—Whether assault of revenue officers was to prevent performance of duties or to resent insult held jury question.**

Where there was evidence that the accused assaulted internal revenue officers with deadly and dangerous weapons when they were in the execution of their duty, it was a question for the jury whether the assault was to prevent the performance of the duty, or for revenge for some real or fancied affront previously given by one of officers to the mother of accused.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Bev Bailey and another were convicted of resisting internal revenue officers by the use of deadly weapons, and they bring error. Affirmed.

G. Murray Smith, of Richmond, Ky. (A. R. Burnam, Jr., of Richmond, Ky., on the brief), for plaintiffs in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (H. Clay Kauffman, of Lancaster, Ky., on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and SATER, District Judge.

DONAHUE, Circuit Judge. At a special session of the United States District Court for the Eastern District of Kentucky, held January 16, 1919, an indictment containing one count was returned against Bev Bailey, J. C. Bailey, and Dick Smith, charging them with resisting internal revenue officers in violation of section 65 of the Penal Code (Comp. St. § 10233). To this indictment Bev Bailey and J. C. Bailey filed the following motion:

"Come the defendants and move the court to require the district attorney to elect which of the causes of action set forth in the indictment, and which of the offenses denounced therein, he will prosecute against these defendants."

This motion was overruled by the court, and exceptions noted. Thereupon the same defendant filed a demurrer, which reads as follows:

"Come the defendants and demur generally to the indictment herein, because same does not state facts sufficient to constitute an offense against the United States."

This demurrer was also overruled by the court and exceptions noted. Thereupon trial was had resulting in a verdict of guilty. A motion for a new trial was overruled, and each of these defendants was sentenced to imprisonment for three years.

It is contended on behalf of the plaintiffs in error that error to their prejudice intervened in the trial of this cause in the following particulars: First. The court erred in overruling the demurrer to the indictment. Second. The court erred in overruling their motion for a directed verdict of not guilty. Third. The court erred in the instructions given to the jury, and in failing to give the instructions requested.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] While the demurrer challenges the validity of this indictment solely and specifically upon the ground that the facts stated are not sufficient to constitute an offense against the United States, nevertheless it is now insisted that this demurrer should have been sustained for the reason that the indictment charges two offenses in a single count. This indictment does state facts sufficient to constitute an offense against the United States; therefore the demurrer based upon that ground was properly overruled. The question of duplicity, however, is presented by the motion to elect.

Section 65 of the Penal Code provides that:

"Whoever shall forcibly assault, resist, oppose, prevent, impede, or interfere with any officer of the customs or of the internal revenue, or his deputy, or any person assisting him in the execution of his duties, or any person authorized to make searches and seizures, in the execution of his duty * * * shall be fined not more than two thousand dollars, or imprisoned not more than one year, or both; and whoever shall use any deadly or dangerous weapon in resisting any person authorized to make searches or seizures, in the execution of his duty, with intent to commit a bodily injury upon him or to deter or prevent him from discharging his duty, shall be imprisoned not more than ten years."

While this statute may be said to define two offenses, nevertheless it is the contention of the government that it really defines two grades of the same offense: First, a mere resistance of the officers or the persons named in the statute without deadly weapons, which is punishable by fine of not more than $2,000 and imprisonment not more than one year; and second, resistance of such officers or persons with the use of deadly or dangerous weapons, the punishment for which is imprisonment for not more than ten years.

The first part of the indictment, omitting the formal part and names, reads as follows:

"Did willfully, unlawfully, knowingly, and feloniously, forcibly assault, resist, oppose, prevent, impede, and interfere with certain officers of internal revenue and their deputies, and certain persons assisting them in the execution of their duties, and certain persons authorized to make searches and seizures in the execution of their duties, and did then and there use certain deadly and dangerous weapons in resisting said persons authorized to make searches and seizures as aforesaid, in the execution of their duties."

This is followed by a description of the manner in which this offense was committed in the following language:

"By then and there forcibly assaulting, resisting, opposing, preventing, impeding, and interfering with one U. G. McFarland, who was then and there deputy collector of internal revenue, and H. M. Samuels, who was then and there a deputy collector of internal revenue, and J. C. Drewry, who was then and there a deputy collector of internal revenue, and C. L. Winfrey, deputy collector of internal revenue, and J. E. Bash, who was then and there a person assisting the said U. G. McFarland, H. M. Samuels, J. C. Drewry, and C. L. Winfrey in the execution of their duties."

The further recitals of the indictment are as follows:

"And by then and there using deadly and dangerous weapons, to wit, pistols, revolvers, and guns in resisting the said U. G. McFarland, J. C. Drewry, H. M. Samuels, and J. E. Bash, for the purpose of preventing them searching for and seizing certain illicit distilleries in Knox county, Kentucky, in the execution of their duty as such officers and deputies and persons aforesaid,

and with the intent of them, the said Dick Smith, Bev Bailey, and J. C. Bailey, then and there to commit bodily injuries upon the said U. G. McFarland, J. C. Drewry, H. M. Samuels, C. L. Winfrey. and J. E. Bash, and with the further intent to deter and prevent them from discharging their duty as aforesaid."

It is claimed on behalf of the plaintiffs in error that the first two paragraphs of the indictment, as above separately copied, charge fully and completely the offense of resisting, without the use of deadly weapons, revenue officers or persons authorized to make searches and seizures; that the last paragraph of this indictment, as above copied, charges as a separate and distinct offense the use of deadly or dangerous weapons in resisting such revenue officers or persons in the discharge of their duties, and that therefore this indictment charges two separate and distinct offenses in a single count.

It is insisted, however, upon the part of the government that the first paragraph of this indictment, as above copied, clearly and specifically charges these defendants with the use of "certain deadly and dangerous weapons in resisting interhal revenue officers"; that the second and third paragraphs describe the offense with more particularity, the second paragraph giving the names and official character of the officers assaulted, resisted, opposed, and interfered with in the execution of their official duties; the third paragraph, designating more definitely than the first, the deadly and dangerous weapons used and averring the intent and purpose of the defendants in making the assault, resistance, opposition, and interference charged in the first paragraph; that the second and third paragraphs are not separate and distinct from each other, but connected by the conjunction "and," and should be read "by then and there forcibly assaulting, * * * and by then and there using deadly and dangerous weapons. * * *" Our attention is also called to the further fact that this last paragraph does not designate the official position of the persons named therein who were assaulted and resisted, but merely states that pistols, revolvers, and guns were used in resisting these men as "such officers," so that it must be read in connection with the first and second paragraphs, in order to ascertain their official position, and whether or not these persons were such officers as are named in the statute; that it does not appear in the third paragraph that these defendants are directly charged with actual assault or resistance, other than the mere interference that arises from the statement, "by then and there using deadly and dangerous weapons, to wit, pistols, revolvers, and guns, in resisting" certain persons named and later designated "as such officers"; and that the balance of this paragraph is confined solely to the charge of the intent and purpose of the accused in the commission of the acts charged.

It is the further claim of the government that the third paragraph of this indictment, read separate and apart from the first and second paragraph, does not state sufficient facts to charge any offense against the United States, and that, even if the first and second paragraphs, standing alone, state facts sufficient to constitute an offense under this statute, the offense therein charged is the graver one denounced by the statute, to wit, the use of deadly and dangerous weapons in assaulting, opposing, resisting, and interfering with persons authorized to make

searches and seizures in the discharge of their duties, for which offense the defendants were placed upon trial and that the averments of the third paragraph may in that event be totally disregarded as mere surplusage. The trial court was of the opinion that this charged but one offense, to wit, the resisting of revenue officers by the use of deadly and dangerous weapons, and overruled the motion to require the district attorney to elect.

[2] If, however, it were conceded that this indictment is subject to the construction contended for by plaintiffs in error, it must further be made to appear that the substantial rights of the accused were prejudiced by the overruling of this motion to require the district attorney to elect, or by the overruling of this demurrer, if the demurrer presented this question. Connors v. U. S., 158 U. S. 408–411, 15 Sup. Ct. 951, 39 L. Ed. 1033.

[3] While the language of this indictment is not so clear and explicit as might be desired, nevertheless it is admitted by plaintiffs in error, or rather it is contended by plaintiffs in error that it does charge this graver offense. The trial was conducted solely upon the theory that it charged only this one offense. The court in its charge to the jury carefully defined the elements constituting this one offense, to wit, resisting with deadly and dangerous weapons persons authorized to make searches and seizures in the performance of their duties as such officers, and carefully instructed the jury that, unless it found the defendants guilty beyond a reasonable doubt of resisting the officers and persons authorized to make searches and seizures, named in the indictment, that in so resisting they used deadly, dangerous weapons, and that they used these weapons with intent to commit bodily harm upon such officers, or with the intent to deter and prevent the officers from the performance of their duties, then it should return a verdict of not guilty. It is apparent, therefore, that these defendants were not placed upon trial for two offenses charged in a single count of an indictment, and that, even if their motion to elect were well taken, they obtained the full benefit of that motion by the conduct of the trial and the charge of the court, and that their rights were as fully protected and safeguarded as if the motion had in fact been sustained.

[4] The charge as a whole fairly states the law of this case. In the brief for plaintiffs in error there is considerable criticism of that part of the charge relating to the definition of the word "resist." The defendants in this case, however, are not charged merely with "resisting" an officer, but with forcibly assaulting, resisting, opposing, preventing, impeding, and interfering with certain officers of the internal revenue and their deputies. An assault with deadly and dangerous weapons, the purpose of which is to prevent, hinder, or interfere with an officer in the discharge of his duty, may or may not amount to a resistance, within the definition of that word as insisted upon by counsel for plaintiffs in error; nevertheless it constitutes an offense under this statute.

[5] Defendants, however, took no exceptions to any particular part of the charge, but, on the contrary, after the charge was given, objected and excepted "to each and all of the foregoing instructions." This, in effect, is a general exception to the charge, which will not be considered

by a reviewing court. Erber v. U. S., 234 Fed. 221–225, 148 C. C. A. 123; U. S. v. Fidelity Co., 236 U. S. 512, 529, 35 Sup. Ct. 298, 59 L. Ed. 696.

[6, 7] After the jury had retired, counsel for defendant requested the court to recall the jury and further instruct it in reference to the purposes of the assault. The granting or refusing of this request to charge after the jury had retired, even though the request itself was proper to have been given in charge before the jury retired, was wholly within the discretion of the court. The court having already fully instructed the jury as to what it must find as to the purpose and intent of the defendants before it could return a verdict of guilty, it would hardly seem necessary to recall the jury to instruct it further that it should acquit, if it found that such assault or resistance was for some purpose or intent other than as stated by the court in its general charge. This request was properly refused.

[8] It is further contended that, if this indictment charges only the graver offense denounced by the statute, then there is no evidence sufficient to sustain conviction of that offense. This court, of course, cannot determine the weight of the evidence. If there is any substantial evidence, the conviction must be affirmed.

[9]. There is evidence in this record of an assault with deadly and dangerous weapons in a menacing manner upon these officers when they were in the execution of their duty. It was for the jury to say whether the purpose of this assault was to prevent the officers from performing their duty to make search and seizure, or for the purpose of revenge on one of these for some real or fancied affront, previously given by one of these officers to the mother of the accused.

For the reasons above stated, the judgment of the District Court is affirmed.