## UNITED STATES v. PITOTTO.

## SAME v. BATTAGLIA.

(District Court, D. Oregon. September 13, 1920.)

No. 8688.

1. **Internal revenue ⬅️42—Affidavit of belief not sufficient showing of cause for valid search warrant.**

    An affidavit that affiant has reason to believe and does believe that a revenue fraud is being committed on described premises which complies with the requirements of Rev. St. § 3462 (Comp. St. § 6364), is not sufficient under Const. Amend. 4, providing that no warrants shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or things to be seized, under which the facts from which the magistrate may determine the existence of probable cause must be stated.

2. **Internal revenue ⬅️43—Valid search warrant prerequisite to conviction for resisting search by revenue officers.**

    If the search warrant under which revenue officers were acting was void, there can be no conviction under Penal Code, § 65 (Comp. St. § 10233), for using a deadly weapon in resisting a person authorized to make searches or seizures in the execution of his duty.

John Pitotto and one Battaglia were separately indicted for resisting a revenue officer in the execution of a search warrant, and he demurs to the indictment. Demurrer sustained.

Lester W. Humphreys, U. S. Atty., of Portland, Or.
Albert B. Ferrera and Manning & Beckman, all of Portland, Or., for defendant.

WOLVERTON, District Judge. The defendant is here under an indictment charging that he did unlawfully and feloniously use a deadly weapon in resisting persons authorized to make search and seizure, to wit, Delazon C. Smith and Harold M. Charlton, they being officers of the Internal Revenue Department of the United States, in the execution of their duty, namely, in executing a search warrant "duly and regularly issued" by the commissioner of the District Court of the United States for the District of Oregon, with intent to commit bodily injury upon them, and to deter and prevent them from discharging their duty as aforesaid. The indictment is drawn under section 65 of the Penal Code (Comp. St. § 10233), which declares that—

"Whoever shall use any deadly or dangerous weapon in resisting any person authorized to make searches or seizures, in the execution of his duty, with intent to commit a bodily injury upon him or to deter or prevent him from discharging his duty," shall be guilty of an offense.

The defendant interposed a demurrer to the indictment, assigning, among other reasons, that the search warrant mentioned in the indictment is not valid, and that the officers named were not authorized by law to serve the same.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Counsel for the respective parties have stipulated as to the basis upon which the search warrant was predicated. It consists of an affidavit preferred by Harold M. Charlton, who deposes:

"That he has good reason to believe, and does verily believe, that a fraud upon the revenue of the United States has been and is being committed upon and by use of a certain dwelling house, being the premises of John Doe Battaglia, and being situate in 410 Tenth street, of Portland and state of Oregon, and within the district above named, and that if search of said premises is made certain apparatus used for illicit manufacture of spirits will be found, in violation of section 3281, Revised Statutes of the United States [Comp. St. § 6021]."

The question presented by the demurrer is whether a revenue officer, unless armed with a valid search warrant, is authorized to make search and seizure.

[1] Section 3462, Revised Statutes (Comp. St. § 6364), provides that such warrant may issue, authorizing any internal revenue officer to search designated premises, if such officer makes oath in writing that he has reason to believe, and does believe, that a fraud upon the revenue has been or is being committed upon or by the use of said premises. The affidavit of Charlton complies in language with this statute, but it is obviously insufficient to meet the requirements of the Fourth Amendment to the Constitution, which provides that—

"No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In a word, the requirements of section 3462 relating to the showing to be made as a basis for issuing the warrant do not meet the mandatory provisions of the Constitution. In the language of Attorney General Knox, the section "does not state all of that which must be stated in the application" for the search warrant. 24 Op. Attys. Gen. 685, 688. In other words, the constitutional provision is paramount. The showing under oath essential upon which to predicate the issuance of the warrant should state pertinent facts from which the magistrate may determine the existence of probable cause, or there should be a hearing by him with that purpose in view. Probable cause is a legal conclusion, which is for the magistrate to deduce from the facts stated, and the mere assertion under oath that the affiant believed and does believe that a fraud upon the revenue has been or is being committed is entirely insufficient upon which to predicate the finding of probable cause. United States v. Tureaud (C. C.) 20 Fed. 621, 624; Ripper v. United States, 178 Fed. 24, 26, 101 C. C. A. 152; Veeder v. United States, 252 Fed. 414, 420, 164 C. C. A. 338.

[2] With such insufficient showing, it follows that the warrant issued by the commissioner was void, and did not authorize the revenue officers to make the search and seizure contemplated. It is only when the officer resisted is authorized by valid warrant to make search and seizure that the statute under which the indictment is preferred may be invoked. The indictment, therefore, read in view of the stipulation of the parties, is insufficient, and the demurrer will be sustained.

The same order will be made in United States v. Battaglia.

It should be remembered that this case turns upon the sufficiency of the indictment under the particular statute, not upon whether the void warrant may be used defensively to justify defendant's assault upon the revenue officers. That question must be determined when it arises.