## UNITED STATES v. HALLOWELL.

(District Court, W. D. Washington, N. D. March 30, 1921.)

No. 5912.

Internal revenue ⊂⊃47—Indictment for resisting revenue officer held insufficient.

An indictment under Penal Code, § 65 (Comp. St. § 10233), for resisting a revenue officer "authorized to make searches and seizures, in the execution of his duty," or for destroying property after its seizure by such officer, must set out facts showing that the search and seizure were lawfully authorized; otherwise, the acts charged constitute no offense.

Criminal prosecution by the United States against Herbert Hallowell. On demurrer to indictment. Demurrer sustained.

Robert C. Saunders, U. S. Atty., and F. C. Reagan, Asst. U. S. Atty., both of Seattle, Wash.

Authorities cited by plaintiff: Armour Packing Co. v. U. S., 209 U. S. 84, 28 Sup. Ct. 428, 52 L. Ed. 681; Paraiso v. U. S., 207 U. S. 368, 28 Sup. Ct. 127, 52 L. Ed. 249; Ledbetter v. U. S., 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162; Clement v. U. S., 149 Fed. 305, 79 C. C. A. 243; U. S. v. Swift (D. C.) 188 Fed. 99; Brown v. U. S., 143 Fed. 60, 74 C. C. A. 214; U. S. v. McEwan (C. C.) 44 Fed. 594.

Clarence L. Reames, of Seattle, Wash., for defendant.

Authorities cited by defendant: U. S. v. Baird (D. C.) 48 Fed. 554; U. S. v. Pitotto (D. C.) 267 Fed. 603; U. S. v. Fears, Fed. Cas. No. 15,080.

NETERER, District Judge. The indictment is in two counts. Count 1 charges:

"That the defendant did * * * assault, resist * * * a certain officer of the Treasury Department, * * * a duly qualified federal prohibition officer, * * * to make searches and seizures while * * * he was engaged in the execution of his duties."

Count 2 charges the willful destruction of a quart bottle of whisky which had "been lawfully seized by one * * * who was then and there a person duly authorized to make searches and seizures, to wit, a duly qualified federal prohibition officer," the defendant knowing him to be such officer.

The charge in each count is barren of authority under which the search and seizure was made. The Constitution guarantees all persons against unreasonable searches and seizures. Before search and seizure can be made, the law requires an adjudication of right to search and seize as a prerequisite, and until this right is adjudicated, and warrant issued, no right is vested in the officers, and search and seizure without such warrant is unlawful, and may be resisted without offending against the law.

This indictment does not fall within the class of cases where the charge may be made in the language of the statute creating the offense. The person to come within the provisions of section 65, Penal Code (Comp. Stat. § 10233; section 5447, R. S.), must be an officer and must be in the line of discharge of his duty. The prerequisites of statute fixing the line of duty must therefore be set out in the indictment.

The authority of the officer not being set out in the indictment, it is bad, and the demurrer must be sustained.