## COOPER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. May 12, 1924.)

No. 3125.

1. **Indictment and information** ⬄63—**internal revenue** ⬄43—**Indictment for rescue of property seized must show lawful seizure.**

   To constitute the offense of rescuing property seized under the internal revenue laws, under Criminal Code, § 65 (Comp. St. § 10233), there must have been an unlawful rescue of property lawfully seized. A lawful seizure is a prerequisite of an unlawful rescue, and must be shown in the indictment, not by mere assertion or conclusions, but by allegation of facts.

2. **Indictment and information** ⬄63—**Indictment for rescue of property seized held insufficient.**

   An indictment, under Criminal Code, § 65 (Comp. St. § 10233), for rescue of property seized by a deputy collector of internal revenue and a prohibition agent on a search by them, must allege facts showing that the premises searched were such as the deputy was authorized to search by Rev. St. § 3177 (Comp. St. § 5900), or that the prohibition agent was acting under a valid search warrant, and an allegation that they were "then and there persons authorized to make searches and seizures, and then and there in the execution of their duties as such," is a mere conclusion, and insufficient.

In Error to the District Court of the United States for the District of New Jersey; William N. Runyon, Judge.

Criminal prosecution by the' United States against Victor Cooper. Judgment of conviction, and defendant brings error. Reversed, and new trial awarded.

Harry Heher, of Trenton, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Walter D. Van Riper, Asst. U. S. Atty., of Newark, N. J.

Before WOOLLEY, Circuit Judge, and McKEEHAN and SCHOONMAKER, District Judges.

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOOLLEY, Circuit Judge. After conviction and sentence Cooper sued out this writ of error and renewed his attack on the indictment, seasonably made at the trial. The pertinent parts of this instrument, with the phrases in question italicized, are as follows:

"That * * * Victor Cooper and Michael Whitehill, * * * *after the seizure* of the said one hundred and twenty-six half barrels of beer lawfully made by Edward E. Lewis, Jr., a Deputy Collector of Internal Revenue for the First Collection District of the State of New Jersey, and Russel H. Skeels, a Federal Prohibition Agent, the said Edward E. Lewis, Jr., and Russel H. Skeels, *being then and there persons authorized to make searches and seizures and then and there in the execution of their duties as such* in the search of the premises of the Sanitary Ice and Coal Company, Inc., * * * *and then and there lawfully seized* by the said Edward E. Lewis, Jr., and Russel H. Skeels, * * * did knowingly, willfully and unlawfully remove and cause to be removed from the premises of the said Sanitary Ice and Coal Company, Inc., about eighty-two half barrels of beer, being part and parcel of the said one hundred and twenty-six half barrels of beer so seized, with the intent and purpose on the part of them, the said Victor Cooper and Michael Whitehill to forcibly remove from the *lawful possession* of the said Edward E. Lewis, Jr., and Russel H. Skeels, the said intoxicating liquors by them so seized; contrary to the form of the statute," etc.

The government states that the offense which the indictment purports to charge is denounced by section 65 of the Criminal Code (Comp. St. § 10233) in the words following:

"Whoever shall forcibly * * * prevent, impede, or interfere with any officer * * * of the internal revenue, * * * or any person authorized to make searches and seizures, in the execution of his duty, or shall rescue * * * any property which has been seized by any person so authorized; or whoever * * * after such seizure, in order to prevent the seizure or securing of any goods, wares, or merchandise by any person so authorized, shall * * * remove the same, shall be" fined or imprisoned, or both.

[1] Reading the statute on the indictment, the defendant maintains that the indictment is bad because it charges an offense in the general terms of the statute and does not allege facts which constitute the offense (United States v. Mann, 95 U. S. 580, 583, 584, 24 L. Ed. 531; Armour Packing Co. v. United States, 209 U. S. 56, 83, 28 Sup. Ct. 428, 52 L. Ed. 681; Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162; Kellerman v. United States [C. C. A.] 295 Fed. 796), specifying that it does not show the officers' authority for the search and seizure—whether by search warrant or by virtue of their offices.

There is substance in this position. The offense denounced by the statute has two essential ingredients—seizure of merchandise and rescue of merchandise seized. But there is more in it than this. There must be an unlawful rescue of merchandise lawfully seized. United States v. Page (D. C.) 277 Fed. 459. Hence, lawful seizure is not only an ingredient preliminary to an unlawful rescue but it is a prerequisite. And the lawfulness of the seizure must be shown. This element of the offense can not be pleaded by mere assertion or conclusion but must be pleaded by facts. United States v. Hallowell (D. C.) 271 Fed. 795. Such facts may conceivably be of different kinds: First, those that show lawful seizure because made under a valid search warrant when the officer making the search can make a valid

seizure only by such authority; or, second, those that show the seizure lawful because made by one authorized by virtue of his office and without need of a search warrant.

[2] The indictment alleges that the seizure in this case was made by two government officials, one a federal prohibition agent declared to be a person "authorized to make such search and seizure [who], in the exercise of [his] duties as such in the search of the premises of the Sanitary Ice and Coal Company, * * * lawfully seized" certain liquors. With an exception to be mentioned presently, such an official is not authorized by virtue of his office or by statutory provision to enter upon the premises of another for purposes of search and seizure. His authority when it exists—as it does at times—must be conferred by a valid search warrant issued to him after his right to search premises and seize property thereon has been formally adjudicated. This is true unless we hold that Congress in enacting the National Prohibition Act "intended to authorize one of its subordinate agencies to sweep all our traditions into the fire." Interstate Commerce Commission v. Brimson, 154 U. S. 447, 479, 14 Sup. Ct. 1125, 38 L. Ed. 1047. Federal Trade Commission v. American Tobacco Company, 44 Sup. Ct. 336, 68 L. Ed. ——. We do not believe this was the intention of Congress. In any event, the Fourth Amendment to the Constitution stands inviolate.

It follows that in pleading a lawful seizure by a national prohibition agent his authority to search and seize must be shown by averring facts which disclose his authority; such for instance as authority of a search warrant validly issued to him. It is not sufficient to say, as here, that he was "authorized to make searches and seizures," for this is a conclusion of fact, not an allegation of fact.

The other official who according to the indictment participated in the seizure was a deputy collector of internal revenue, having authority without search warrant to enter upon premises of certain kinds for limited purposes and make searches and seizures. This authority is conferred by section 3177, R. S. (Comp. St. § 5900), which provides that:

"Any collector, deputy collector, or inspector may enter, in the daytime, any building or place where any articles or objects subject to tax are made, produced, or kept, within his district, so far as it may be necessary, for the purpose of examining said articles or objects."

This is a section of the Revenue Act providing means to enforce collection of the public revenues. To this end, and because of the peculiar problem, authority given a deputy collector of internal revenue to enter and search premises where articles subject to federal tax "are made, produced, or kept" has been regarded not to be violative of the constitutional provision against "unreasonable searches and seizures." But in pleading a seizure by such an officer as lawful, an indictment must allege facts and circumstances which themselves show its lawfulness—facts which bring his act within the statute. When the "articles or objects subject to tax" mentioned in the section, for which a deputy collector may search without a search warrant, are liquors, we do not think the statute confers upon him a blanket war-

rant to search for liquors wheresoever he may think they may be found. Nor do we construe the statute as limiting his search without a search warrant to places where the manufacture of liquors is carried on. United States v. Hilsinger (D. C.) 284 Fed. 585, 590. The statute extends his authority as well to places where they are "kept," as that word is used in the Revenue Act, distinguished from its use in the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

Returning to the indictment, we find in it no allegation of fact from which the limited authority of a deputy collector of internal revenue to enter, search and seize can be inferred and, therefore, no fact which shows that the seizure by him in this case was lawful.

Finally, the government contends that prohibition agents are vested by section 28 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½o) with the powers conferred upon deputy collectors of internal revenue by section 3177, R. S., and that such agents can therefore enter upon premises without search warrants and search them and seize liquor, a taxable product. Assuming without deciding that section 28 of title 2 of the National Prohibition Act vested the federal prohibition agent in this case with all the authority which section 3177, R. S., vested in his associate, the deputy collector of internal revenue, this does not cure the infirmity of the indictment because no fact is pleaded which shows the authority of the deputy collector of internal revenue to enter and search under section 3177, R. S., and no fact which shows a different or higher authority in the prohibition agent. For these reasons we hold the indictment bad.

We have discussed the question from the face of the indictment,— as though before trial. The testimony at the trial fully justifies the reasoning which has led to our decision. This testimony shows that the premises searched were those of the Sanitary Ice & Coal Company, a concern engaged in the manufacture of ice and not engaged in maintaining a warehouse at which excisable articles were avowedly made or kept. It is not a defendant and is not charged with violating any law. The search was instituted by Skeels, a federal prohibition agent. He was aided by Lewis, a deputy collector of internal revenue, who. at the instance of the collector of the First Collection District of the State of New Jersey, had been sent "to assist Skeels in whatever matter he may have to do in Trenton at that time." He was not dispatched on business pertaining to revenues. These officers of different departments of the government then went upon the premises of the ice company without a search warrant and instituted the search and completed the seizure which forms the basis of the unlawful removal or rescue charged against the defendant.

Having found that the indictment fails to disclose a lawful seizure, we are constrained to find that the trial court erred in refusing the motion to quash. The conviction being unlawful, the judgment is reversed and a new trial awarded.