## PRICE et al. v. UNITED STATES.*

(Circuit Court of Appeals, Third Circuit. January 8, 1925.)

No. 3189.

Customs duties ⊜☞134 — Indictment for attempting to rescue property seized held sufficient.

An indictment under Criminal Code, § 65 (Comp. St. § 10233), for conspiracy to resist customs officers in performance of their duties, an attempt to rescue property seized by a customs inspector *held* sufficient.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Criminal prosecution by the United States against William A. Price and Theodore G. Price. Judgment of conviction, and defendants bring error. Affirmed.

Joseph Kraemer, of Newark, N. J. (Kraemer & Siegler, of Newark, N. J., of counsel), for plaintiffs in error.

Richard C. Plumer, of Newark, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The parts of section 65 of the Criminal Code (Comp. St. § 10233) which are applicable to this case read as follows:

"Whoever shall forcibly assault, resist, oppose, prevent, impede, or interfere with any officer of the customs or of the internal revenue, * * * or any person assisting him·in the execution of his duties, or any person authorized to make searches and seizures, in the execution of his duty, or shall rescue, attempt to rescue, or cause to be rescued, any property which has been seized by any person so authorized; * * * shall be imprisoned not more than ten years."

With respect to the authority of certain officers to make searches and seizures, section 3059, R. S. (Comp. Stat. § 5761), provides:

"It shall be lawful for any officer of the customs, including inspectors * * *, to go on board of any vessel, * * * and to

* Certiorari denied 45 S. Ct. 514, 69 L. Ed. ——.

inspect, search, and examine the same, * * * and if it shall appear that any breach or violation of the laws of the United States has been committed, whereby or in consequence of which such vessel, or the merchandise * * * on board of or imported by such vessel, is liable to forfeiture, to make seizure of the same * * * and to arrest * * * any person engaged in such breach or violation."

William Price and Theodore Price and two others were convicted on two counts of an indictment, the first charging conspiracy under section 37 of the Criminal Code (Comp.-St. § 10201) to violate the provision of section 65 which denounces assaults upon and resistance to customs officers in the performance of their duties, and the second charging violation of the provision of the same section which forbids attempts to rescue property seized by officers so authorized. Two of the defendants submitted to sentence, but William Price and Theodore Price sued out this writ of error and, on a record which contains none of the testimony, charge that the court erred in refusing their motion for a directed verdict and in imposing sentence on a conviction not supported by a valid indictment. As the testimony is not before us it is impossible to find error in the court's refusal of the defendants' motion for a directed verdict. But assuming that the testimony, if it were here, would show the facts recounted by the court in its charge and repeated by counsel for the plaintiffs in error in their statement of the case, we are of opinion the evidence justified the submission of the case to the jury. This brings us to the indictment.

In the case of Cooper v. United States, 299 F. 483, this court held in substance that to constitute the offense under section 65 of the Criminal Code of rescuing property seized under the internal revenue laws, there must be an unlawful rescue of property lawfully seized, indicating that a lawful seizure is a prerequisite to an unlawful rescue and that it must be shown in the indictment, not by mere assertion or conclusion but by allegation of facts. This statement of the law was made in a case where the indictment alleged that a federal prohibition agent made a lawful search and seizure without showing that he was acting under authority of a valid search warrant, and that he was assisted by a deputy collector of internal revenue, yet in a place and under circumstances beyond the scope of the authority of such an officer. We held that the authority of both officers to search and seize should appear in the indictment. Re-

lying upon this case the defendants urge that both counts of the indictment are bad because they do not allege facts showing an antecedent lawful seizure. As this question was not raised at the trial, or after trial by motion in arrest of judgment, and in view of our inability to discover a plain error which (under our rule) we could notice of our own motion, we advert to the matter only to distinguish this indictment from the one in Cooper v. United States, supra, and thereby prevent confusion. While the indictment in this case is not a model of criminal pleading, it satisfies the law in that it shows the inspector of customs had authority to make the search and seizure and gives enough of the circumstances under which the search and seizure were made to justify the conclusion that the boat and its cargo of liquor were at the time being used in violation of the customs law and enough to apprise the defendants of the lawful character of the seizure.

The judgment is affirmed.