## HLABSE v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
June 8, 1927.

No. 4702.

Obstructing justice ⬚11—Indictment for resisting person authorized to make search and seizure held defective for failing to allege officer was engaged in duty (Penal Code, § 65 [18 U. S. C. A. § 121]; Judicial Code, § 269 [28 U. S. C. A. § 391]; 18 U. S. C. A. § 556).

Indictment under Penal Code, § 65 (18 U. S. C. A. § 121), for resisting person authorized to make search and seizure, failing to allege that officer was engaged in duty of search and seizure, or that resistance was intended to or did operate to hinder or prevent him from doing that duty, *held* fatally defective, and beyond curative effect of Judicial Code, § 269 (28 U. S. C. A. § 391 [Comp. St. § 1246]), or Rev. St. § 1025 (18 U. S. C. A. § 556).

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Anthony Hlabse was convicted for violation of Penal Code, § 65, and he brings error. Reversed, with directions.

Harry F. Glick, of Cleveland, Ohio, for plaintiff in error.

John B. Osmun, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

DENISON, Circuit Judge. Hlabse and others were convicted of violating section 65 of the Penal Code (18 U. S. C. A. § 121). The indictment and the statute, as far as each is important, are given in the margin.[1] He was sentenced to 15 months' imprisonment.

---

[1] *Indictment.* [The defendants] did willfully, knowingly, and feloniously use a deadly and dangerous weapon * * * in resisting a person authorized to make search and seizure under the internal revenue laws of the United States, in the execution of his duty, to wit: In resisting Charles McCoppin, an internal revenue officer of the United States, he, the said Charles McCoppin, being then and there engaged in the arrest of [the defendants] pursuant to his duty then and there to arrest [the defendants] for violation of the National Prohibition Act by [the defendants], such use of such deadly weapons as aforesaid, being then and there with intent on the part of the said defendants * * * of deterring and preventing the said

A motion to quash the indictment and a demurrer, made in due time, were overruled. The sufficiency of the indictment is therefore for decision. Unlike the indictment which we considered in Bailey v. U. S. (C. C. A.) 278 F. 849, this one clearly shows that it is intended to charge only the final offense specified in section 65; and the force and effect of the earlier parts of the section do not seem to be directly involved. This final part of the statute specifies, as the one to be protected thereby, "any person authorized to make searches or seizures."

We pass by the obvious questions, of which some are argued, and some are not, viz.: whether authority to make searches and seizure may properly be alleged in those terms as a fact, or whether it is an inference of law to be drawn from a stated occupancy of some office or position; whether, if the office or position should be stated, it is then sufficient to say merely "an internal revenue officer," without specifying the particular office which would give him the power of search and seizure; whether knowledge by defendant of the official character of the person resisted is sufficiently alleged by the words "willingly and knowingly"; whether, if not, that knowledge may be inferred argumentatively from the final clause, "with intent," etc.—and we come at once to another difficulty. The indictment does not allege that the officer was engaged in the duty of search and seizure, or that the resistance was intended to or would operate to deter or prevent him from discharging that duty. This, we think, is a fatal defect; and is, at least when raised at the first opportunity, beyond the curative effect of section 269, Judicial Code (28 U. S. C. A. § 391; Comp. St. § 1246) or section 1025, R. S. (section 1691, Comp. St. of 1916; U. S. Code, tit. 18, § 556).

Perhaps it may be said that the statute is ambiguous as to the proper qualifying effect of the phrase "in the execution of his duty." Were it not for the context and the purpose of the whole section, it might be possible to say that "in the execution of his duty" was only by way of identification of the person to be protected, and that when

---

Charles McCoppin from discharging his duty."

*Section 65, Penal Code.* "Whoever shall forcibly assault * * * shall be fined not more than $2,000 or imprisoned not more than one year or both, and whoever shall use any deadly or dangerous weapon in resisting any person authorized to make searches or seizure, in the execution of his duty, with intent to commit a bodily injury upon him or to deter or prevent him from discharging his duty, shall be imprisoned not more than ten years."

the person was thus identified, any use of a deadly weapon in resisting that person in executing any duty within any of his official functions, was thus penalized. The statute, however, relates in its entirety to searches and seizures. It was, and since its amendment in 1909 it remains, solely an aid to the power of search and seizure and a warning against interference with that power. Its clear meaning is, we think, "whoever resists any person who is making an authorized search or seizure." There is nothing in this indictment to indicate that McCoppin was exercising that power or that Hlabse resisted such exercise.

The lack of any such allegation is emphasized by the statement that he was doing something else—he was engaged in arresting the defendants for violating the National Prohibition Act (Comp. St. § 10138¼ et seq.). An arrest may well be incidental to a search and seizure, either as a preparation or as a consequence, so that resistance thereto may be resistance to a search and seizure; but no such character of arrest is here specified. The matter is made more clear, if there were any doubt, by the proofs, which show that no search or seizure, in the ordinary meaning of the words, had been made or was contemplated.

It seems to us quite certain that, in the respect mentioned, this indictment was fatally defective and should have been quashed. The judgment is reversed with directions to proceed in accordance herewith.

NOTE.—For consideration of this section 65, Penal Code, but in aspects not directly now pertinent, see U. S. v. Pitotto (D. C.) 267 F. 603; U. S. v. Hallowell (D. C.) 271 F. 795; U. S. v. Page (D. C.) 277 F. 459; Bailey v. U. S. (C. C. A. 6) 278 F. 849; Bray v. U. S. (C. C. A. 4) 289 F. 330; Kelley v. U. S. (C. C. A. 4) 293 F. 689; Cooper v. U. S. (C. C. A. 3) 299 F. 483; Price v. U. S. (C. C. A. 3) 3 F.(2d) 603; Gay v. U. S. (C. C. A. 5) 12 F.(2d) 433.