## BOWLES v. UNITED STATES.
### No. 4513.

Circuit Court of Appeals, Seventh Circuit.
March 16, 1932.

Rehearing Denied May 3, 1932.

Appellant, with one Seth Cole, was charged by grand jury indictment with having resisted with a deadly weapon, in violation of the Act of 1909 (c. 321, § 65, 35 Stat. 1100, 18 USCA § 121), federal officers who were then engaged in the discharge of their duties.

There was evidence introduced which supports the following facts: Anheier and Allen, who are hereinafter called agents, at all times referred to in the indictment were federal prohibition officers and by reason thereof were authorized to make searches and seizures according to law. Their duties required them to make investigation of violations of liquor laws and to search for and seize, according to law, liquor found in vehicles and other places. Complaints had been made to them concerning appellant, who was in the liquor business. George Baumes controlled and operated a road house northwest of Lafayette, Ind., and he was being assisted in such operation by one Germany Cline. On May 20, 1930, agents intercepted a telephone conversation between appellant and Cline over the line leading into the road house. The substance of the conversation is that appellant inquired for Baumes, and upon being informed by Cline that he was not there, appellant asked where he was. Cline refused to say until appellant disclosed his identity. Appellant replied that he was Ed Bowles. Cline then informed him that Baumes was at Bill's place. Upon appellant's asking him if he knew whether Baumes wanted anything that evening, Cline said he did not know, and suggested that appellant call Baumes at "Bill's place."

From that time on agents watched appellant and also his garage, and at times tried to follow him when he left his garage in his car, but were unable to keep up with him.

On the night of June 7, 1930, agents were parked in their car, with lights out, about half a block from appellant's garage, and were watching his activities. Shortly after 10 o'clock appellant, accompanied by his daughter and the woman who later became his wife, drove out of the alley back of his house. Agents followed appellant's car and observed it turn into the premises of Baumes' road house. Thereupon appellant and the women accompanying him got out of his car and the women entered the house. Agents followed him onto the premises, and turned their car around and drove back through the gate at which they and appellant had entered, to a point about seventy-five feet outside the gate. This was about three hundred feet from where appellant was standing when he got out of his car. While agents were driving outside the gate appellant ran to the door of the road house and thereupon turned around immediately, and, accompanied by Cole, ran toward agents' car.

Agents got out of their car and started to walk back, and met appellant and Cole about fifteen feet back of agents' car, Cole being about ten feet in advance of appellant. Cole said: "Who are you fellows?" To which Anheier responded, "You know who we are. We are federal agents, here on business." Cole, using profane and obscene language, ordered the agents to "get out of here." He thereupon stepped back about two paces, pointed a gun at Anheier's stomach and snapped it, but the cartridge failed to explode. He lowered the gun and shot once at Anheier's feet and once at Allen's feet. The agents backed to their car and entered it preparatory to leaving, and they did leave. Before they were started, however, Cole shot three times at them. The first of these shots struck the rear window and broke it, and passed between the agents and hit the left corner of the windshield. The second shot hit

and shattered the glass in the right front door. The third struck the metal part on the rear end of the car.

At the close of the government's evidence appellant moved the court to instruct the jury to acquit him, which motion was overruled and appellant excepted to the ruling. Thereupon appellant introduced evidence on his behalf. At the close of all the evidence appellant's motion for a peremptory instruction was not renewed, and the jury returned a verdict of guilty. Appellant filed his motion in arrest of judgment, which was overruled with exception to appellant, and judgment was thereupon rendered on the verdict.

James J. Clark and William J. McAleer, both of Hammond, Ind. (McAleer, Dorsey, Clark & Travis, of Hammond, Ind., of counsel), for appellant.

Oliver M. Loomis, U. S. Atty., and George L. Rulison, Asst. U. S. Atty., both of South Bend, Ind., and William B. Duff, Asst. U. S. Atty., of Lagrange, Ind.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The section of the statute under which this indictment is drawn defines more than one offense. That part upon which the indictment is based constitutes the last paragraph of the statute (18 USCA § 121) and is as follows: "Whoever shall use any deadly or dangerous weapon in resisting any person authorized to make searches or seizures, in the execution of his duty, with intent to commit a bodily injury upon him or to deter or prevent him from discharging his duty, shall be imprisoned not more than ten years."

It will be necessary, however, to refer to the preceding part of the statute and it is set forth in the margin.[1]

After laying the proper jurisdiction the indictment charges: "That Edward R.

[1] 18 USCA § 121 (Criminal Code, § 65): "Whoever shall forcibly assault, resist, oppose, prevent, impede, or interfere with any officer of the customs or of the internal revenue, or his deputy, or any person assisting him in the execution of his duties, or any person authorized to make searches and seizures, in the execution of his duty, or shall rescue, attempt to rescue, or cause to be rescued, any property which has been seized by any person so authorized; or whoever before, at, or after such seizure, in order to prevent the seizure or securing of any goods, wares, or merchandise by any person so authorized, shall stave, break, throw overboard, destroy, or remove the same, shall be fined not more than $2,000 or imprisoned not more than one year, or both. * * *"

Bowles and Seth Cole * * *. on or about the 7th day of June, A. D., 1930, did, in and by the use of a deadly weapon, to-wit; a certain revolver * * * unlawfully, willfully, knowingly, and feloniously resist one Harry D. Anheier and one Arthur L. Allen, who were then and there federal prohibition agents, then and there engaged in the execution of their official duties and whose duty it was to make search and seizure in cases of violation of the National Prohibition Act and the Internal Revenue Laws of the United States and who were duly authorized to make searches and seizures under the said laws, the official character and the official duties * * * were then and there well known to said defendants and each of them, with the intent, then and there on the part of said defendants and each of them to commit bodily injury upon the said prohibition agents and to deter and prevent them from discharging their said duties."

The sufficiency of the indictment was in no manner questioned by appellant or Cole before the verdict.

Appellant contends that the indictment does not charge an offense under the statute, because (1) it does not directly allege that agents, at the time of the altercation, were engaged in making a valid search and seizure, nor does it allege facts which warrant such conclusion; and (2) it does not allege that appellant, at that time, knew that agents were then making a search or seizure.

Appellant's objections to the validity of the indictment are based upon the theory that the statute under which appellant was convicted is merely an aid to the power of search and seizure, and upon that theory he insists that absence of the allegations referred to in his objections, or either of them, renders the indictment invalid. He cites the following authorities in support of his contention, and as being the only authorities in which the various courts have considered the necessity of any allegation relating to search and seizure: Hlabse v. United States (C. C. A.) 20 F.(2d) 482; Cooper v. United States (C. C. A.) 299 F. 483; Wheeler v. United States (C. C. A.) 293 F. 588, 589; United States v. Page (D. C.) 277 F. 459; United States v. Hallowell (D. C.) 271 F. 795; United States v. Pitotto (D. C.) 267 F. 603.

In each of the authorities cited the validity of the indictment was tested by demurrer or by motion to quash. In the instant case, however, the indictment stands unchallenged, with the exception that appellant seeks to raise the question of invalidity by his motion

in arrest of judgment, and by invoking Rules 11 and 23 of this court, which relate to plain but unassigned errors.

United States v. Page, supra, is a District Court case in which the first count of the indictment was based upon the first part of the statute now under consideration, and the second count was based on the last paragraph of that statute, as is the instant case. The court sustained a demurrer to each count, because in the first count there was a failure to allege that the defendants knew that the persons assaulted were prohibition officers, and the second count did not allege that the officers were engaged in a duty even remotely connected with searches or seizures. The court in that case further said: "This case calls for no expression of opinion as to the exact limits of the protection afforded by the last clause of section 65. It may well be that the statute applies while an officer is on his way to make a search, or while he is returning from making a seizure and in possession of the fruits thereof."

In Wheeler v. United States the appellant was charged and convicted under section 65, supra, with having assaulted an internal revenue officer while he, in the execution of his duty, was engaged in making search for persons having in their possession and transporting and conveying illicit spirits, to-wit, whisky. A demurrer was filed to the indictment on the ground that it did not allege that the officer had a search warrant. The District Court overruled the demurrer, and the Circuit Court of Appeals, in affirming the decision, used the following language: "It was not necessary either to allege or to prove that the revenue officer was armed with search warrants while he was on the public highway in an effort to ascertain whether the law was being violated by persons having in their possession or transporting intoxicating liquors. The question of the right to search automobiles for the purpose of arresting persons violating the prohibition law is not involved. That question could be raised only by persons whom the officers might have attempted to search. It was of no concern to the defendant, against whom the right to make such a search was not asserted. The contention that an officer cannot be engaged in the performance of his duty to prevent violations of the prohibition law unless he is armed with a search warrant is without merit. National Prohibition Act, tit. 2, § 26 (41 Stat. 315 [27 USCA § 40])."

In Cooper v. United States appellant was indicted under section 65, supra, for the res-

cue of property seized by a deputy collector of internal revenue and a prohibition officer. The court held that there could not be an unlawful rescue unless there was a lawful seizure, and that such seizure must be shown in the indictment by allegations of fact, and not by conclusions. Because the indictment did not contain such allegations of fact, the Circuit Court of Appeals reversed the trial court for overruling the demurrer.

In United States v. Pitotto, supra, a District Court case, appellee was indicted for resisting officers authorized to make searches and seizures. The officers were making a search and seizure under a search warrant at the time of the alleged resistance, but the indictment alleged no facts from which it could be said that the warrant was a valid one. For that reason the demurrer was sustained to the indictment.

In United States v. Hallowell, supra, a District Court case, it was held, in sustaining the demurrer, that the charge in each count is barren of authority under which the search and seizure was made. The decision goes so far as to say that no search and seizure is lawful without a warrant. That matter was not before the court, and, if it had been, we could not accept it as the law at present.

Hlabse v. United States, supra, unquestionably holds that an indictment based upon the last paragraph of the statute in controversy is fatally defective which does not allege that the officer was engaged in the duty of search and seizure at the time of the resistance, or that the resistance was intended to or would operate to deter or prevent the officer from discharging that duty. The court in that case further states that such defect, when raised at the first opportunity, is beyond the curative effect of section 269 of the Judicial Code, 28 USCA § 391, or Revised Statutes, § 1025, 18 U. S. Code, § 556 (18 USCA § 556). It will be observed in that case that the question was raised at the first opportunity by a motion to quash and a demurrer. Had the question been raised only by a motion in arrest of judgment, it is not at all certain that the court would have ruled favorably to appellant. See De Bonis v. United States (C. C. A.) 54 F.(2d) 3.

Part of the language in the Hlabse Case is not so explicit as we should like. We are unable to determine with exactness what is meant by the clause "or that the resistance was intended to or would operate to deter or prevent him [the officer] from discharging that duty [search and seizure]." We think it fair to say, however, that the opinion holds

that the indictment must at least allege that the officer was either engaged in search and seizure or about to become so; in other words, it must be certain that the search and seizure is being consummated, or it must be certain in the officer's mind that he is going to make a search and seizure. We are unwilling to accept such a narrow interpretation of the statute. We are not concerned with, nor do we attempt to declare, the extreme limit of protection which the statute affords to an officer who is authorized to make searches and seizures. We are convinced, however, that the statute embraces a prohibition officer, not only when he is lawfully engaged, or is about to become so engaged, in a search or seizure, with or without a warrant, but it also protects him when he is in a place where he has a right to be so far as his assailant is concerned, and is then and there making an investigation of the facts with a view of making a seizure if his discovery may lawfully permit him to do so without a warrant. In such event we think he is to be regarded under the statute as being engaged in duties relative to searches and seizures. If Congress intended that an officer should actually be engaged in the execution of a search and seizure before he is entitled to the protection of the statute, it would have been very easy to so say, but it did not do so. It used the phrase "in the execution of his duty." We are convinced that this language refers to officer's duty with relation to search and seizure, and will not permit a substitution of the words "a search and seizure" for the words "his duty."

It was not necessary, therefore, for the indictment in this case to allege that the officers at the time of the resistance were engaged in search and seizure, or that appellant knew they were so engaged. The facts should have been more explicitly stated, but appellant was not sufficiently concerned to attack the indictment either by demurrer or by motion to quash, and he makes his first objections to the pleading by his motion in arrest of judgment.

Under the evidence it is clear that agents, at the time of the resistance, were authorized to make searches and seizures, and were in a place where they had a right to be so far as appellant or Cole or any one else was concerned. They were undoubtedly looking for evidence which might justify a seizure. Appellant was in the liquor business and complaints had been made to agents concerning him. It was their duty to investigate, and

they did so. They overheard appellant inquire of the manager of the road house whether its owner wanted anything that evening. Several days later they followed him to the road house, which was a public place. Upon seeing agents, appellant ran to the door of the road house and, with Cole, immediately returned toward agents' car, which was parked outside the gate. Appellant and Cole were both running and met agents about fifteen feet from agents' car. Appellant was about ten feet back of Cole. He said nothing and had no gun. Cole inquired of agents who they were. They informed him they were federal officers, and were there on business. Cole ordered them away, and stepping back two paces began to shoot at agents before they could retire. He also shot at them three times after agents were in their car, as they were leaving. No arrest was made or attempted, no search or seizure was made or threatened, and yet it is perfectly obvious that agents were executing their duties relative to search and seizure by investigating the facts.

In view of the evidence that was introduced, we think appellant is in no position to question the validity of the indictment by his motion in arrest of judgment. The objections are of form rather than substance and furnish no occasion for applying Rules 11 and 23 of this court. In any event, we think the defects in the indictment are cured by Revised Statutes, § 1025, 18 USCA § 556, and section 269 of the Judicial Code (28 USCA § 391).

It is quite apparent that from the inception of the case appellant well knew the charge with which he was confronted. It is sufficient to bar a subsequent charge for the same offense. His only defense in this respect is the absence of an allegation, which we think is not necessary, and hence we think the indictment is sufficient as against a motion in arrest of judgment.

It is conceded that appellant did not personally resist said agents with a deadly weapon, and a majority of this court are of the opinion that there is no substantial evidence in the record to sustain the verdict and judgment that appellant aided, abetted, counseled, commanded, induced, or procured such resistance with a deadly weapon.

The judgment of the District Court is reversed, with instructions to grant appellant a new trial.