**UNITED STATES v. GRIGGS.**

No. 18878.

District Court, D. Maryland.

March 11, 1939.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., for the United States.

Edward L. Ward, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The indictment in this case, in nine counts, charges the defendant with various violations of the federal oleomargarine law. See 26 U.S.C.A. ch. 9 § 970 et seq. He has demurred to the third, fourth, sixth, seventh and eighth counts of the indictment. These will now be severally considered.

To understand the point of the demurrers it is necessary to have in mind an outline of the statutes. They were passed and enacted by Congress under the taxing power. Section 971 imposes a tax on oleomargarine at the rate of one-quarter of a cent per pound for uncolored oleomargarine, and at the rate of ten cents per pound for yellow oleomargarine. It classes the persons who deal in oleomargarine and are subject to the statutes, as (1) manufacturers; (2) wholesalers and (3) retailers. The taxes, to be paid by the manufacturer, are represented by coupon stamps which must be attached to the original package. Manufacturers are defined and regulated particularly in section 972; wholesale dealers in section 973 and retail dealers in section 974. The primary purpose of the law is to secure the tax and prevent evasions thereof; but there is the incidental purpose of preventing deception of the purchaser of yellow oleomargarine in the requirement as to the branding of the package in which the article is sold either at whole-sale or retail with the word "oleomargarine". Section 972(b) (1) and (2) provides that:

"(1) Kind and weight of packages. All oleomargarine shall be packed by the manufacturer thereof in firkins, tubs, or other wooden, tin-plate, or paper packages, not before used for that purpose, containing, or encased in a manufacturer's package made from any of such materials of, not less than ten pounds.

"(2) Marks and stamps. The packages described in paragraph (1) shall be marked, stamped, and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe; and all sales made by manufacturers of oleomargarine and wholesale dealers in oleomargarine shall be in original stamped packages."

Sec. 974 defines a retail dealer as one who sells oleomargarine "in less quantities than ten pounds at one time"; and provides that such retail dealers "must sell only from original stamped packages * * * and shall pack, or cause to be packed, the oleomargarine sold by them in suitable wooden, tin-plate, or paper packages which shall be marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe". Regulations No. 9 relating to the taxes on oleomargarine, Article 29, requires that all original packages shall be branded with the word "oleomargarine"; and Art. 28 (c) provides that "manufacturers may subdivide a statutory package of oleomargarine into prints, or rolls, provided such subdivisions do not constitute original or statutory packages within the meaning of the law, or weigh less than one-quarter of a pound. Prints and rolls shall be placed in cartons or wrappers marked and branded as prescribed in Article 29". Article 54, relating to the retailer, provides that "oleomargarine packed by the manufacturer by cartons or wrappers branded as prescribed in Article 29 may be sold by a retail dealer from the original stamped container without further branding; but if the manufacturer's package is not subdivided into prints or rolls, the retail dealer must wrap the oleomargarine at the time of sale in a new covering which must be branded with his name and address and the word 'oleomargarine'." Section 978(a) to (j), both inclusive, provides penalties for various violations of the statutes with respect to the manufacture, packing, branding and sale of

oleomargarine by any of the persons dealing therein.

■■ *The third and fourth counts.* Both these counts are similar in form, differing only as to the quantity of oleomargarine. They are professedly based on section 978 (a) of the penalty clause of the statutes, which reads as follows:

"(a) Every person who knowingly sells or offers for sale, or delivers or offers to deliver, any oleomargarine in any other form than in new wooden, tin-plate, or paper packages as described in section 972 (b) (1) and (2), or who packs in any package any oleomargarine in any manner contrary to law, or who falsely brands any package or affixes a stamp on any package denoting a less amount of tax than that required by law shall be fined for each offense not more than $1,000, and be imprisoned not more than two years."

The third count charges that the defendant "being then and there a retail dealer in oleomargarine having paid the special tax to the Collector of Internal Revenue at Baltimore, being a person who sold, vended and furnished oleomargarine for the use and consumption of others, did unlawfully and feloniously offer for sale and offer to deliver 4442 pounds of colored oleomargarine not then and there in and from the original stamped packages as required by law." On analysis of the count it appears that the essential averments are (1) that the defendant is a retail dealer; (2) that he offered for sale and delivery a certain amount of colored oleomargarine and (3) not in and from the original stamped packages as required by law.

A comparison of the language of the third count with the language of section 978 (a) shows at once that the count does not follow literally the language of the section, which has three subdivisions; (a) selling in any other form than in new wooden, tin-plate or paper packages as described in section 972(b) (1) and (2); (b) packing in any package contrary to law, and (c) falsely branding or stamping any package. It is obvious that the count does not charge a violation of either (b) or (c). And it would seem equally clear that the count is not based on (a). The essential averment of the count lies in the charge that the defendant, a retail dealer, offered for sale oleomargarine "not then and there *in and from* the original stamped packages as required by law." The dispute here is over the word "in" as contained in the above phrase. There is no provision in the statutes which requires the retail dealer to sell only "in and from" original stamped packages. Section 974(b) requires him to sell only *"from* original stamped packages, in quantities not exceeding ten pounds"; but it does not require the retailer to sell "in" the original stamped package. Indeed as the manufacturer's original package is required to contain not less than ten pounds, and as the wholesaler must sell only in an original package, there is apparently no way in which the retailer can lawfully buy a package of less than ten pounds. And as he is permitted to sell at one time only in quantities *less* than ten pounds, it is obvious that he has to break the original package to make his sale. Therefore literally it is impossible for him to lawfully sell "in the original package". The Regulations are not referred to in the third and fourth counts of the indictment but by reference thereto, as bearing on the construction of the statutes, it is found that Article 51 provides "a retail dealer may sell not exceeding 10 pounds at one time taken *from* an original package or packages". And by Article 54(d) it is provided that "a retail dealer may not lawfully remove oleomargarine from the original stamped package either for repacking, cutting into prints or rolls, or other purpose, nor remove the sides and ends of such package, before disposal of the contents. If removed from original stamped package in advance of sale the oleomargarine is subject to seizure and forfeiture". These regulations do not indicate that the administrative construction of the statutes is such that the retailer is required to sell the oleomargarine in *and* from the original package but only by article 54(d) that the oleomargarine must be kept in the original package until removed for sale. Therefore it appears that the Government would not make out its case under the third count by merely proving that the oleomargarine when offered for sale by the defendant was not then and there *in* the original package. Furthermore, as has already been indicated, section 978(a) does not undertake to punish the offense of selling oleomargarine by a retailer otherwise than in and from the original package. The count does not charge a sale or offer of sale in unlawful packages or with false brands.

In other words, as I understand it, the Government's contention is that the retail dealer when he sells oleomargarine must

open the package and in the presence of the customer hand him directly therefrom a portion less than ten pounds in separate prints, if so packed by the manufacturer, or the retailer must then and there himself subdivide the original quantity of ten pounds into subdivisions of prints and separately wrap them in properly branded packages upon delivery to the purchaser. In either event the contention of the Government as made on the oral argument is that the retailer must on making a sale immediately and directly take the oleomargarine sold from the original package in the presence of the purchaser; and it is in this sense that the Government insists the sale must be *in and from* the original package. This contention is not supported by any provision of the statutes which has been called to my attention or otherwise noted. The particular point here raised does not seem to have been heretofore judicially considered, but the following cases discuss various somewhat related aspects of the statutes. Dougherty v. United States, 3 Cir., 108 F. 56; United States v. Joyce, D.C., 138 F. 457; Enders v. United States, 7 Cir., 187 F. 754.

It may be added that the primary purpose of the law, as has been stated, is to secure the tax, and the incidental purpose to protect the purchaser from deception. Both purposes would seem to be accomplished by the requirements that the original package must be properly stamped with stamp taxes which are to be destroyed when the contents of the package have been sold; that the retailer can buy only in stamped packages and sell only from stamped packages, and the oleomargarine when delivered to the purchaser must be in packages or wrappers properly branded.

The question immediately presented is somewhat narrower than that just discussed. If the Government's contention is based on regulations, it is sufficient here to say that the third and fourth counts do not plead or otherwise properly refer to the regulations. The only section of the oleomargarine statutes which specifically refers to retail dealers (the defendant being described in the third and fourth counts as a retail dealer) is section 974. This provides that retail dealers must sell "only from original stamped packages, in quantities not exceeding ten pounds, and shall pack, or cause to be packed, the oleomargarine sold by them in suitable wooden, tin-plate, or paper packages which shall be marked and branded as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe." Subdivision (b). The counts do not allege a violation of this section in that they do not allege a sale but only an offer to sell and the averment is an offer to sell not merely not from the original package but not "in and from" the original package. The counts are therefore not properly founded on the penalty section 978(a).

Possibly the word "in" as used in the counts might be regarded as surplusage and thus in effect the charge would be an offer of the retail dealer to sell at one time in a greater quantity than ten pounds and not *"from"* the original stamped package. This construction of the count was not advanced by the United States Attorney at the argument, his contention then being that the count was properly based on section 978(a). Although both counts at the bottom bear the annotation of section 978 (a), the Government is not strictly limited to that section to support the counts if they can be supported by any other statute. The only other statute that I have noted that might possibly be involved is section 978 (j) which punishes offenses under the oleomargarine law not otherwise specifically covered. It is there provided that any dealer in oleomargarine who—"shall knowingly or willfully omit, neglect, or refuse to do, or cause to be done, any of the things required by law in the carrying on or conducting of his business, or shall do anything by this subchapter or chapter 19 prohibited, if there be no specific penalty or punishment imposed by any other provision of this subchapter or chapter 19 for the neglecting, omitting, or refusing to do, or for the doing or causing to be done, the things required or prohibited, he shall pay a penalty of $1,000."

On consideration of this section I do not think it supports the third and fourth counts. Under subsection (j) it is necessary to aver and prove that the defendant "knowingly or wilfully" omitted or did something required or prohibited by law. If the counts could be properly interpreted to charge an offer to sell more than ten pounds at one time, and otherwise than from an original stamped package, nevertheless this does not allege a violation of section 974(b) relating to retailers, punishable under subsection (j), § 978, because the count does not charge an actual sale and does not even charge that an offer to

sell was done knowingly and wilfully. Furthermore, if the Government must resort to the regulations, they have not been properly pleaded in these counts.

■ The sixth count of the indictment is based on 18 U.S.C.A. § 121, which punishes the rescue of seized property. The count alleges in substance that agents of Internal Revenue, authorized to seize and secure certain oleomargarine, did seize 772 pounds of white oleomargarine and 1,997 pounds of colored oleomargarine, on the premises of the defendant, who, it is alleged, in order to prevent the securing of said oleomargarine, did unlawfully, wilfully and feloniously remove the same. A comparison of the language of the count with that of section 121 shows that the count literally follows the language of the section; but the point of the demurrer is that the count "does not allege in what manner said goods were seized or that such seizure was lawful;" or, in other words, the defendant's contention is that an unlawful rescue can be predicated only upon a lawful seizure, and that no facts are stated in the count from which it affirmatively appears that the seizure under the circumstances was a lawful one. If the point made were one of first impression I should be inclined to hold that the offense being wholly statutory an indictment which follows the language of the statute with a proper designation of time and place, which is here sufficiently given, would be good; and that if further specification of the facts and circumstances under which the seizure was made were desired by the defendant, it should be supplied by the United States Attorney in response to a demand for further particulars. But I find that in quite similar indictments under this section of the federal statutes it has heretofore been held by the Third Circuit that the facts and circumstances of the seizure must be alleged in the indictment. Cooper v. United States, 3 Cir., 299 F. 483; Price v. United States, 3 Cir., 3 F.2d 603, 604. To the same effect see Hlabse v. United States, 6 Cir., 20 F.2d 482, 483; Bowles v. United States, 7 Cir., 56 F.2d 913; United States v. Pitotto, D. C., 267 F. 603. As the count does not allege facts and circumstances to show affirmatively that the seizure was lawful, the demurrer to the sixth count must be sustained on the authorities stated.

The demurrer to the seventh count raises substantially the same point, and it must also be sustained.

■ The eighth count is based on 26 U.S.C.A. § 1440, which reads:

"Every person who shall have in his custody or possession any goods, wares, merchandise, articles, or objects on which taxes are imposed by law, for the purpose of selling the same in fraud of the internal-revenue laws, or with design to avoid payment of the taxes imposed thereon, shall be liable to a penalty of $500 or not less than double the amount of taxes fraudulently attempted to be evaded."

The count alleges in the language of the statute that the defendant did "have in his possession and custody goods, wares, and merchandise, or objects on which taxes are imposed by law, to wit, 4442 pounds of oleomargarine, with design to avoid payment of the taxes imposed thereon by law." The grounds assigned for the demurrer are (a) because said count does not allege whether said oleomargarine was colored or uncolored; (b) because said count does not allege the tax or character of tax imposed by law which the defendant designed to avoid payment of. As the language of the count follows exactly the language of the statute and specifies the time and place and quantity of oleomargarine, and as the demurrer to this count was not pressed in oral argument, it will be overruled. There is, however, some basis for the defendant's complaint that the character of the oleomargarine, whether white or colored, should be specified, especially as the penalty under the statute may be affected by the amount of the tax which it is alleged there was a design to avoid payment of, and as the amount of the tax is directly dependent upon the color of the oleomargarine. However, if the defendant wishes further particulars in this respect, he can obtain them by a demand therefor which will become a part of the record in connection with the indictment.

It is accordingly ORDERED that the demurrers to the third, fourth, sixth and seventh counts are hereby sustained and the demurrer to the eighth count is hereby overruled.